GEORGE J. BASSETT, Bank Commissioner

vs.

THE BROADWAY BANK AND TRUST CO.

Superior Court      New Haven County      File #37428

Edward J. Daly,
  Attorney General;
Robert M. Dowling,
  Special Assistant,            Attorneys for the Plaintiff.

Arthur Klein,            Attorney for the Defendant.

## MEMORANDUM FILED JUNE 2, 1937.

INGLIS, J.   The applicant, Sarah Tucker, is the owner of twenty-six shares of the capital stock of The Pure Oil Company, represented by certificates numbered NY/O 102028, C74464 and C55262, and has owned that stock since 1920. Prior to December 1931 she had entrusted those certificates to her husband to be put in his safe at his place of business for safe keeping.

In December, 1931, the husband, Adolph Tucker, was indebted to the defendant Bank in the sum of $5,200., that indebtedness being evidenced by one note for $3,600. and another note for $1,600.   The Bank was then pressing him for payment of these notes and for some collateral security for their payment.   Finally, without the consent or knowledge of his wife, Mr. Tucker took her certificates to the Bank and left them there stating verbally that they were left as security for his notes.   None of the certificates had been endorsed by Mrs. Tucker nor had she signed any power of attorney for their transfer nor did either she or Mr. Tucker sign any document purporting to pledge the stock to the Bank.   Thereafter on several occasions an officer of the Bank requested Mr. Tucker to procure Mrs. Tucker's signature to proper powers of attorney transferring the stock.   This Mr. Tucker agreed to do but never did.   When the Bank closed Mr. Tucker was still indebted to it on the notes and the Bank still retained possession of the certificates.   Both the notes and certificates came

into the hands of the Receiver and are still held by the present Receiver.

Mrs. Tucker did not become aware of the fact that her husband had delivered her stock certificates to the bank until March or April, 1937, when she asked Mr. Tucker for the certificates and he then informed her that he had left the certificates at the Bank for the purpose (as he told her) of getting advice on the question as to whether the stock might well be sold.

It having been found that in delivering Mrs. Tucker's stock certificates to the Bank Mr. Tucker acted without her knowledge or consent it follows that the Receiver has no right to withhold them from her. If Mr. Tucker had had authority from his wife to make a pledge of the stock it might be held that the Receiver had an equitable lien on the stock even though to make a valid pledge a written assignment would have been necessary.

**Fletcher, Cyclopedia of Corp'n. Vol 12, page 841, sec. 5640.**

**Thompson, Corporations, 3rd Ed. Sec. 4218.**

The evidence, however, does not justify a finding either that Mr. Tucker was acting as agent for Mrs. Tucker in the transaction or that she donated to him the stock to put up as collateral.

Neither can it be found that the Bank took the stock as a bona fide holder for value. The stock certificates without being endorsed were not negotiable.

**General Statutes, Rev. 1930, Secs. 3429, 3433.**

For the foregoing reasons an order must enter directing the Receiver to deliver the certificates described in the motion to the applicant, Sarah Tucker.